**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN DIVISION**

| | |
|---|---|
| ROBERT Z. FRAZER,<br><br>  Plaintiff,<br>vs.<br><br>ANDREW M. SAUL, Commissioner of Social Security,[1]<br><br>  Defendant. | No. C18-2015-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON REPORT AND RECOMMENDATION** |

## I. INTRODUCTION

This case is before me on a Report and Recommendation (R&R) filed by the Honorable Kelly K.E. Mahoney, Chief United States Magistrate Judge. *See* Doc. No. 20. Judge Mahoney recommends that I reverse and remand the decision by the Commissioner of Social Security (the Commissioner) denying Robert Z. Frazer's application for supplemental security income (SSI) under Title XVI of the Social Security Act (the Act), 42 U.S.C. §§ 1381-1383f. Neither party has objected to the R&R. The deadline for such objections has expired.

## II. APPLICABLE STANDARDS

### A. *Judicial Review of the Commissioner's Decision*

The Commissioner's decision must be affirmed "if it is supported by substantial evidence on the record as a whole." *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019. Pursuant to Federal Rule of Civil Procedure 25(d), he has been substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this suit.

2006); *see* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "Substantial evidence is less than a preponderance, but enough that a reasonable mind might accept as adequate to support a conclusion." *Lewis v. Barnhart*, 353 F.3d 642, 645 (8th Cir. 2003). The Eighth Circuit explains the standard as "something less than the weight of the evidence and [that] allows for the possibility of drawing two inconsistent conclusions, thus it embodies a zone of choice within which the [Commissioner] may decide to grant or deny benefits without being subject to reversal on appeal." *Culbertson v. Shalala*, 30 F.3d 934, 939 (8th Cir. 1994).

In determining whether the Commissioner's decision meets this standard, the court considers "all of the evidence that was before the ALJ, but it [does] not re-weigh the evidence." *Vester v. Barnhart*, 416 F.3d 886, 889 (8th Cir. 2005). The court considers both evidence that supports the Commissioner's decision and evidence that detracts from it. *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010). The court must "search the record for evidence contradicting the [Commissioner's] decision and give that evidence appropriate weight when determining whether the overall evidence in support is substantial." *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003) (citing *Cline v. Sullivan*, 939 F.2d 560, 564 (8th Cir. 1991)).

In evaluating the evidence in an appeal of a denial of benefits, the court must apply a balancing test to assess any contradictory evidence. *Sobania v. Sec'y of Health & Human Servs.*, 879 F.2d 441, 444 (8th Cir. 1989). The court, however, does not "reweigh the evidence presented to the ALJ," *Baldwin*, 349 F.3d at 555 (citing *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995)), or "review the factual record de novo." *Roe v. Chater*, 92 F.3d 672, 675 (8th Cir. 1996) (citing *Naber v. Shalala*, 22 F.3d 186, 188 (8th Cir. 1994)). Instead, if, after reviewing the evidence, the court finds it "possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, [the court] must affirm the [Commissioner's] denial of benefits." *Kluesner*, 607 F.3d at 536 (quoting *Finch v. Astrue*, 547 F.3d 933, 935 (8th

Cir. 2008)). This is true even in cases where the court "might have weighed the evidence differently." *Culbertson*, 30 F.3d at 939 (quoting *Browning v. Sullivan*, 958 F.2d 817, 822 (8th Cir. 1992)). The court may not reverse the Commissioner's decision "merely because substantial evidence would have supported an opposite decision." *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984); *see Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("[A]n administrative decision is not subject to reversal simply because some evidence may support the opposite conclusion.").

## B. *Review of Report and Recommendation*

A district judge must review a magistrate judge's R&R under the following standards:

> Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Thus, when a party objects to any portion of an R&R, the district judge must undertake a de novo review of that portion.

Any portions of an R&R to which no objections have been made must be reviewed under at least a "clearly erroneous" standard. *See, e.g.*, *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting that when no objections are filed "[the district court judge] would only have to review the findings of the magistrate judge for clear error"). As the Supreme Court has explained, "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573-74 (1985) (quoting *United States v. U.S. Gypsum Co.*,

3

333 U.S. 364, 395 (1948)). However, a district judge may elect to review an R&R under a more-exacting standard even if no objections are filed:

> Any party that desires plenary consideration by the Article III judge of any issue need only ask. Moreover, while the statute does not require the judge to review an issue *de novo* if no objections are filed, it does not preclude further review by the district judge, sua sponte or at the request of a party, under a *de novo* or any other standard.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985).

### III. THE R&R

Frazer applied for SSI on September 25, 2014, alleging disability due to schizophrenia and physical issues. Doc. No. 20 (citing AR 62, 163-71). After a hearing, an Administrative Law Judge (ALJ) applied the familiar five-step evaluation and found that Frazer was not disabled as defined in the Act. Frazer argues the ALJ's residual functional capacity (RFC) determination is not supported by some medical evidence and the ALJ failed to adequately limit Frazer's contact with the public and coworkers. *Id.* at 4; Doc. Nos. 16, 18. Additionally, he challenges the ALJ's appointment under *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). Judge Mahoney addressed each argument separately.

With regard to the RFC determination, Judge Mahoney noted that the mental RFC opinions in the record found Frazer had marked limitations in his ability to interact with the public, moderate to marked limitations in his ability to interact with coworkers and no more than moderate limitations in his ability to interact with supervisors. Doc. No. 20 at 5. Judge Mahoney noted that the ALJ discussed each of the four medical opinions[2] in the record and, despite noting that all of them found greater limitations in Frazer's ability to interact with the public compared to coworkers and supervisors, made no distinction between Frazer's ability to interact with the public versus coworkers and

---

[2] The medical opinions came from Dr. Scott and Dr. Roland (both consultative examiners) and Dr. Shafer and Dr. Lark (both non-examining state agency reviewers). Doc. No. 20 at 5.

4

supervisors. *Id*. at 6. The ALJ limited Frazer to occasional contact with all three groups. *Id*. Judge Mahoney noted the vocational expert's testimony that if the ALJ's RFC determination had included no contact with the public and occasional interaction with coworkers and supervisors, Frazer would be precluded from performing other work. *Id*. n.6.

Judge Mahoney considered each medical opinion, including both the RFC assessment and narrative portion of the opinion. She noted that Dr. Shafer (a non-examining state agency reviewer) found that Frazer had marked limitations in his ability to interact with the public and moderate limitations in his ability to interact with coworkers and supervisors. *Id*. at 7 (citing AR 71-72). Dr. Shafer's narrative explained that Frazer could "interact appropriately with coworkers and supervisors on at least a limited basis" but offered no further comment on Frazer's ability to interact with the public. *Id*. (citing AR 72). Judge Mahoney concluded that the only plausible interpretation is that Dr. Shafer (and Dr. Lark, who affirmed the opinion on reconsideration) found Frazer had greater limitations in his ability to interact with the public compared with his ability to interact with supervisors and coworkers. *Id*. The ALJ recognized the difference in limitations in Dr. Shafer's opinion, but did not impose greater limitations on Frazer's ability to interact with the public than his ability to interact with coworkers and supervisors. *Id*. Judge Mahoney found that Dr. Shafer's opinion did not support the ALJ's conclusion. *Id*.

Judge Mahoney explained that she considered the possibility that the ALJ intended "only occasional contact" would account for Frazer's marked limitations in interacting with the public and thereby imposed greater limitations on Frazer's ability to interact with coworkers and supervisors than were found by Dr. Shafer. *Id*. at 7-8. However, she concluded this did not appear to be the case and that the ALJ had rejected the medical opinions that found Frazer was markedly limited in his ability to interact with the public even though the ALJ gave such opinions significant weight. *Id*. at 8. Instead, the ALJ

5

seemed to find that Frazer had only moderate limitations in his ability to interact with the public and could have occasional contact in all areas of social functioning. *Id.*

Judge Mahoney concluded that this occasional-contact limitation failed to sufficiently address Frazer's marked limitations in that area of functioning as noted in the medical opinions. *Id.* She distinguished *Moore v. Astrue*, 623 F.3d 599, 602 (8th Cir. 2010), in which the court affirmed an ALJ's determination that the claimant could interact with supervisors, coworkers and the general public on an "infrequent basis." In that case, three medical source opinions found that the claimant had (1) no ability to deal with the public or supervisors and a "poor" ability to deal with coworkers; (2) only "slight" limitations in his abilities to interact with others; and (3) moderate limitations in interacting with supervisors and coworkers and marked (but not extreme) limitations in interacting with the public. *Id.* (citing *Moore*, 623 F.3d at 602-03). While one of the opinions supported the claimant's position that he could not interact with others in a work setting, the opinions also supported the ALJ's determination that the claimant could interact with others on an "infrequent basis." *Id.*

In contrast to *Moore*, Judge Mahoney noted that none of the medical opinions here supported the ALJ's determination regarding Frazer's ability to interact with the public. *Id.* She also distinguished *Moore* based on the claimants' severe impairments. Moore suffered from borderline intellectual functioning, learning disorder, oppositional defiant disorder and adjustment disorder with depression, while Frazer suffers from schizophrenia that causes paranoia and auditory hallucinations. *Id.* n.8. Judge Mahoney also noted there was other substantial evidence in the record that supported the ALJ's limitation in *Moore* (such as daily activities) that was absent from the record here. *Id.* Judge Mahoney concluded that because all the medical opinions in this case found Frazer more limited in his ability to interact with the public, the ALJ should have included greater limitations on Frazer's ability to interact with the public compared to his ability to interact with coworkers and supervisors. *Id.* at 9-10.

Judge Mahoney addressed the Commissioner's argument that the RFC need not be supported by a specific medical opinion. She noted that while that is true, the ALJ's conclusion in this case was not supported by some medical evidence. *Id.* at 10. Indeed, she noted the ALJ gave significant weight to the state agency medical opinions, but did not account for their conclusions that Frazer had marked limitations in his ability to interact with the public. *Id.* She cited numerous cases standing for the proposition that an ALJ may not impose fewer limitations than found in all the medical opinion evidence and thereby formulate the ALJ's own medical opinion. *Id.*

Judge Mahoney then addressed Frazer's argument that the ALJ erred in evaluating the medical opinions in a general sense. She noted that the ALJ gave partial weight to Dr. Scott's opinion based on Frazer's treatment records and activities of daily living. *Id.* at 11 (citing AR 28). The ALJ gave little weight to Dr. Roland's opinion because it was not consistent with the record as a whole based on activities of daily living, examination records, improvement with counseling, statements from his mother, his work history and his interest in seeking employment. *Id.* (citing AR 30). Judge Mahoney concluded that while these could constitute good reasons for the ALJ to give less weight to medical opinions, it was not clear whether they were good reasons in this case given the nature of Frazer's impairment. *Id.* Because she determined that the ALJ erred in calculating Frazer's RFC with regard to his ability to interact with the public, she recommends that the ALJ reevaluate each of the medical opinions and other evidence in the record in determining Frazer's RFC.

Finally, Judge Mahoney addressed Frazer's argument that the ALJ was not properly appointed under *Lucia v. S.E.C.*, 138 S. Ct. 2044 (2018). *Id.* at 12-14. She noted that the vast majority of courts to address this issue (including district courts in the Eighth Circuit and this court) have held that a claimant forfeits his or her *Lucia*-based Appointment Clause challenge by failing to raise it to the Social Security Administration and have declined to excuse the forfeiture. *Id.* at 14-16 (citing cases). Relying on the

reasoning of these decisions, she recommends I reject Frazer's Appointments Clause challenge.

## IV. DISCUSSION

Because the parties did not object to the R&R, I have reviewed it for clear error. Judge Mahoney applied the appropriate legal standards in considering whether the ALJ's RFC determination was supported by some medical evidence. Based on my review of the record, I find no error – clear or otherwise – in Judge Mahoney's recommendation. As such, I adopt the R&R in its entirety.

## V. CONCLUSION

For the reasons set forth herein:

1. I **accept** Judge Mahony's R&R (Doc. No. 20) without modification. *See* 28 U.S.C. § 636(b)(1).
2. Pursuant to Judge Mahoney's recommendation:
    a. The Commissioner's determination that Frazer was not disabled is **reversed** and this matter is **remanded** to the Commissioner for further proceedings as described by Judge Mahoney.
    b. Judgment shall enter in favor of Frazer and against the Commissioner.
    c. If Frazer wishes to request an award of attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, an application may be filed up until 30 days after the judgment becomes "not appealable," i.e., 30 days after the 60-day time for appeal has ended. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993); 28 U.S.C. §§ 2412(d)(1)(B), (d)(2)(G).

**IT IS SO ORDERED.**

**DATED** this 12th day of August, 2019.

                                                                                Leonard T. Strand, Chief Judge